# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**ANTONIO LEE O'BANNON**                                                                 **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 3:25-cv-00468-JHM**

**BETH MCMAHON,** *et al.*                                                              **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Antonio Lee O'Bannon, proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is housed at the Kentucky Correctional Psychiatric Center (KCPC).[1] He sues the Department of Public Advocacy (DPA), as well as DPA attorney Beth McMahon, guardian *ad litem* Chad Graham, and Louisville Metro Public Defender[2] attorney Sheila Seadler in their individual capacities.

Plaintiff alleges that between October 3, 2023, and July 14, 2025, Defendants McMahon and Seadler "allow[ed] the Jefferson County Circuit Courts and K.C.P.C. to force me medication with no mental health history, from a outside mental health hospital. And no prior history of involuntary hospitalizations under KRS Chapter 202A or 202B." He further alleges that between September 2023, and July 14, 2025, Defendants McMahon and Seadler "allow[ed] the Jefferson

---

[1] Based upon filings made in other actions brought by Plaintiff in this Court, it appears that he is involuntarily committed to KCPC under Ky. Rev. Stat. § 202C after being found incompetent to stand trial. *See*, *e.g.*, *O'Bannon v. Dr. Allen,* No. 3:22-cv-628-JHM (DN 11); *O'Bannon v. K.C.P.C. et al*., No. 3:24-cv-573-JHM (DN 5).

[2] Effective July 1, 2024, the DPA assumed administration of indigent defense services formerly provided by the Louisville—Jefferson County Public Defender Corporation. *See* Ky. Rev. Stat. § 31.030 (2024); 2023 KY H.B. 568.

County Circuit to unlawfully imprison me in K.C.P.C. under a law called the 202C involuntary commitment for over two years." Plaintiff states that these Defendants "are not representing me to the best of the ability[,]" and "did nothing to help me[,]" and indicates that he filed a complaint against McMahon and Seadler to the Bar Association on October 23, 2023.

Plaintiff also alleges that on December 17, 2024, while in the court's "attorney booth," Seadler called him a racial slur and said that he "deserve[d] everything that's happening" to him.

Finally, Plaintiff alleges that McMahon, Seadler, and Graham "did not fight for me on the force treatment of medication order," that he is "not satisfied with there representation."

As relief, Plaintiff seeks monetary damages and "release from K.C.P.C. or grant new representation."

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Attorney Defendants

Plaintiff sues McMahon and Seadler, his public defenders. It is well-settled that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's claim against McMahon and Seadler stemming from their roles as criminal defense counsel must be dismissed for failure to state a claim upon which relief may be granted.

### B. Guardian *Ad Litem*

Plaintiff's claim against Defendant Graham is also subject to dismissal. Graham, who is presumably Plaintiff's court-appointed guardian *ad litem* (GAL) in his criminal proceedings, is not a state actor for purposes of § 1983. *See*, *e.g.*, *McClear v. Donaldson*, 812 F.2d 1407 (6th Cir. 1987) (table) (explaining that the GAL's "actions in the state proceedings were done in fulfillment of their responsibilities as a court-appointed guardian *ad litem* and conservator respectively and therefore were not committed under the color of state law."); *see also Bracey v. Barbour*, No. 3:12-CV-629, 2012 WL 2395171, at *8 (M.D. Tenn. June 25, 2012) ("Although appointed by a court, a guardian *ad litem*—like, for instance, an attorney appointed by a court to represent a criminal defendant—is not a state actor, because he represents the best interests of the individual, . . . not the state."). "The rationale for finding that GALs do not act under color of state law when they act in fulfillment of their statutory duties is that, although a GAL is appointed by the court, '[t]he purpose of the appointment requires a guardian *ad litem* to exercise judgment independently of the judicial officer or any party to the case.'" *Jacob v. Ronayne*, No. 20-13370, 2022 WL 90852, at *2 (E.D. Mich. Jan. 7, 2022) (quoting *Arsan v. Keller*, No. 17-121, 2017 WL 6398734, at *4 (S.D. Ohio Dec. 13, 2017)). Consequently, Plaintiff's claim against Graham must be dismissed for failure to state a claim upon which relief may be granted.

Alternatively, even if the Court were to conclude that Defendant Graham was acting under color of state law or as a state actor, Plaintiff's claim against him would be subject to dismissal for seeking monetary relief against a defendant immune from such relief. *See Kurzawa v. Mueller*, 732 F.2d 1456 (6th Cir. 1984) (holding that guardian *ad litem*, as a person "integral" to the "the judicial process," was entitled to absolute immunity from the plaintiff's § 1983 claims); *Holley v. Deal*, 948 F. Supp. 711, 715 (M.D. Tenn. 1996) (noting that, even if defendant GAL "were found

to be acting 'under color of law,' many courts find guardians, such as Defendant [GAL], to be absolutely immune from civil rights actions.") (collecting cases).

### C. Department of Public Advocacy

Plaintiff names the DPA as a defendant but makes no specific allegations against this entity. In any event, the DPA is a state agency, *see*, *e.g.*, *Westermeyer v. Ky. Dep't. of Pub. Advocacy*, No. 2: 10–131–DCR, 2011 WL 830342, at *3 (E.D. Ky. Mar. 3, 2011) (Ky. Rev. Stat. § 31.010 establishes DPA as state agency), and it is well-settled that a state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Moreover, under the Eleventh Amendment, a state and its agencies may not be sued in federal court, regardless of the relief sought. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991). The Court therefore dismisses Plaintiff's claim against the DPA for failure to state a claim upon which relief may be granted and for seeking damages from a defendant immune from suit.

### D. Injunctive Relief

Plaintiff seeks injunctive relief in the form of release from confinement at KCPC; however, such relief is not available under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution."); *accord*, *Coleman v. Hackman*, No. 3:25-CV-00077-JHM, 2025 WL 1372443, at *2 (W.D. Ky.

May 12, 2025) (release from civil commitment in psychiatric hospital is unavailable under § 1983); *O'Bannon v. Kentucky*, No. 3:25-CV-62-JHM, 2025 WL 595188, at *3 (W.D. Ky. Feb. 24, 2025) (collecting cases holding that a writ of habeas corpus provides the exclusive remedy where a civil mental health commitment is challenged). Accordingly, Plaintiff's claim for injunctive relief is dismissed for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:   October 2, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.015